# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS ZAVALA CISNEROS,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>Defendant. | No. 1:19-cv-01307-GSA<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE CLOSED FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER**<br><br>**(Doc. 3)** |

On September 18, 2019, Plaintiff Nicolas Zavala Cisneros filed a complaint seeking review of the Commissioner's denial of his claim for Social Security disability benefits and moved to proceed without payment of the applicable filing fees (*in forma pauperis*). In response to question five of the motion to proceed *in forma pauperis*, Plaintiff stated that he owned "real estate, bonds, securities, other financial instruments, automobiles or any other thing of value," but did not complete the portion of the question requiring him to describe the property and state its value. Accordingly, on September 19, 2019, the Court ordered Plaintiff to amend the application within ten days to include complete disclosure of household income and assets. Doc. 3. Although over ten days have elapsed since the Court issued the order, Plaintiff has neither amended his application to proceed *in forma pauperis* nor paid the filing fee for the complaint.

Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all

1

sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Given the above, Plaintiff is hereby ORDERED *to file a written response* to this Order to Show Cause within fifteen (15) days of the date of this Order explaining why he has not amended the application, or paid the filing fee for his complaint. In the alternative, Plaintiff may, within fifteen (15) days of the date of this order, file an amended application to proceed *in forma pauperis* or pay the filing fee for the complaint.

**Failure of Plaintiff to respond to this Order to Show Cause within the time specified will result in the undersigned's recommending that the Clerk of Court close the case for failure to pay the filing fee.**

IT IS SO ORDERED.

   Dated:   **October 23, 2019**           **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE